UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SAEID E. JALAYER, JINOUS ATAI, NEGIN
JALAYER, and SAAM JALAYER,

                                    Plaintiffs,

          -against-

JOSEPHINE STIGLIANO as Executor of the Estate
of Anthony G. Stigliano, LONG ISLAND
LIGHTING COMPANY D/B/A LIPA, and NORTH
SHORE CESSPOOL CLEANING COMPANY,
INC.,

                                    Defendants.

**STIPULATION AND ORDER
OF CONFIDENTIALITY**

10CV2285 (JFB)(AKT)

**IT IS HEREBY STIPULATED AND AGREED**, by and between the defendant
Josephine Stigliano as Executor of the Estate of Anthony G. Stigliano and non-party
Village of Sea Cliff:

1.      This Stipulation and Order shall govern the handling of certain documents
produced by the Village of Sea Cliff pursuant to the subpoena issued by defendant
Josephine Stigliano, as Executor of the Estate of Anthony G. Stigliano ("Stigliano"), dated
February 10, 2011.

2.      Any party to this agreement may designate any materials or testimony
confidential in accordance with this Stipulation upon a good faith determination that they
contain trade secrets, confidential, sensitive or proprietary information or any other
information over which the courts recognize protection.  Such designated material will
hereinafter be referred to as "Confidential Material."  Such designation shall not

constitute a representation, warranty and/or guarantee by the disclosing party with respect to the accuracy or completeness of the Confidential Material.

     3.    Confidential Material shall be used solely for purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business, competitive, commercial or other litigation purpose and shall not otherwise be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to anyone except those authorized in paragraph 5 hereto.

     4.    The designation of material as Confidential Material for purposes of this Stipulation and Order shall be made in the following manner:

     (a)    In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page to which such designation is desired or in the case of multi-page documents the word "Confidential" need only be indicated on the first page of the document or in a cover letter transmitting the documents in order for the entire document to be treated as confidential; and

     (b)    In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice, sent by counsel to all parties within thirty (30) days after receiving a copy of the transcript thereof or within such other reasonable time after which the party desires the material to be treated as "Confidential Material" hereunder.

5.   Confidential Material may only be disclosed to the following persons:

   (a)   defendant Stigliano and/or any agent or representative of defendant Stigliano and counsel who have appeared on behalf of defendant Stigliano and regular employees of such counsel, assisting in the representation thereof;

   (b)   counsel who have appeared on behalf of the parties in this action, and regular employees of such counsel, assisting in the representation thereof;

   (c)   the named parties in this action;

   (d)   fact and/or expert witnesses or deponents appearing for testimony, and their counsel, during the course of depositions or testimony in this action;

   (e)   the Court and its personnel; or

   (f)   other persons upon order of the Court or upon written stipulation of all of the parties in this action.

6.   Every party (or its counsel) shall advise every person to which it (or its counsel) gives access to Confidential Material or information contained therein that the material or information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof. All persons listed in paragraph 5 (b) (c) (d) or (f) above who are given access to Confidential Material or information contained therein shall be required to confirm their understanding and agreement to abide by the terms of this Stipulation and Order by

3

signing Exhibit A annexed hereto.  Each party or its counsel shall maintain the signed document represented by Exhibit A of every person to which it provided Confidential Material or information contained therein.

7.     In the event that counsel for any party determines to file or submit to the Court any Confidential Material, or any papers containing or making reference to such material or information, such counsel shall first make appropriate arrangements with the Court to ensure that the confidential material is filed only under seal.  It is intended that all material so filed with the Court shall be maintained separate from the public records in the action and shall be released only upon further Order of the Court.

8.     Any party may seek to modify, expand, cancel or supersede this Stipulation and Order by motion on notice.

9.     The act of entering into, agreeing to and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a)     operate as an admission by any non-designating party that any particular Confidential Material contains or reflects trade secrets or any other type of confidential information;

(b)     prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or the admissibility or relevance of any materials or information or to challenge any objection asserted by any other party; or

4

(c)    prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery materials except as to the Confidential Material addressed in paragraph 2.

10.    This Stipulation and Order shall not prevent any party's use of its own Confidential Material for any purpose nor shall such use have any effect on this Stipulation and Order.

11.    In the event additional parties join or are joined in this action, they shall not have access to Confidential Material until the newly joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation and Order.

12.    Within forty-five (45) days after receiving notice of the entry of an order, judgment, decree or stipulation finally disposing of this action and the lapse of any time to appeal or disposition of any appeal taken, all persons having received Confidential Material shall return such material and all copies thereof to the party that produced it or its counsel. All persons who receive Confidential Material shall, even after this litigation, be under a continuing duty not to disclose Confidential Material for as long as it is not available to the general public.

13.    Within thirty (30) days of the time any discovery material or testimony is designated as Confidential Material, any party objecting to such designation may, after making a good faith effort to resolve any such objection, move on reasonable notice, for an order vacating the designation upon a showing of good cause. While such an

5

application is pending, the discovery material or testimony in question shall be treated as "Confidential Material" pursuant to this Stipulation and Order until further order of the Court.

14.    If any party (the "Receiving Party") receives a subpoena seeking, or court order requiring, the production or disclosure of any Confidential Material received from any other person that designated the material "Confidential Material" (the "Producing Person"), the Receiving Party shall give notice to the Producing Person within three (3) business days of receipt of such subpoena or court order and, if possible, no less than five (5) business days prior to the time for production of such Confidential Material pursuant to the subpoena or court order.  If such written notice cannot be made, the Receiving Party must immediately give notice to counsel for the Producing Person by telephone.  In no event shall production or disclosure be made before notice is given.  The purpose of this paragraph is to provide the Producing Person the opportunity to intervene at its own expense to object to the production of such Confidential Material.

15.     The parties agree to be bound by the terms of this Stipulation and Order upon the signing hereof by all counsel of record set forth below.

Dated: April 7, 2011

MEYER, SUOZZI, ENGLISH
& KLEIN, P.C.

By: _____
        Robert C. Angelillo
*Attorneys for Defendant JOSEPHINE*
*STIGLIANO as Executor of the Estate of*
*Anthony G. Stigliano*
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530
(516) 741-6565


SO ORDERED:


_____
Hon. A. Kathleen Tomlinson, U.S.M.J.

HARRAS BLOOM & ARCHER LLP

By: _____
        Brian S. Stolar
*Attorneys for Village of Sea Cliff*
445 Broad Hollow Road
Suite 127
Melville, New York  11747
(631) 393-6220


SO ORDERED

_____
A. Kathleen Tomlinson
United States Magistrate Judge
Date: _April 29_____ 20 11
Central Islip, N.Y.

7

**Exhibit "A"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAEID E. JALAYER, JINOUS ATAI, NEGIN JALAYER, and SAAM JALAYER, | |
| Plaintiffs, | **STIPULATION AND ORDER OF CONFIDENTIALITY** |
| -against- | |
| JOSEPHINE STIGLIANO as Executor of the Estate of Anthony G. Stigliano, LONG ISLAND LIGHTING COMPANY D/B/A LIPA, and NORTH SHORE CESSPOOL CLEANING COMPANY, INC., | 10CV2285 (JFB)(AKT) |
| Defendants. | |

I hereby acknowledge that I have reviewed a copy of the Confidentiality Stipulation and Order in this matter and that I will comply with its terms in all respects. I consent to the jurisdiction of the Supreme Court of the State of New York, County of Nassau, for the purpose of enforcing the terms of such Stipulation and Order.

_____

Sworn to before me
this ____ day of ____, 2010

_____
Notary Public

8

815942