UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SAEID E. JALAYER, JINOUS ATAI, NEGIN
JALAYER, and SAAM JALAYER,

Plaintiffs,

-against-

JOSEPHINE STIGLIANO as Executrix of the Estate
of Anthony G. Stigliano, LONG ISLAND LIGHTING
COMPANY D/B/A LIPA, and NORTH SHORE
CESSPOOL CLEANING COMPANY, INC.,

Defendants.

Civil Action No.
10CV2285 (JFB)(AKT)

**NOTICE OF MOTION TO
WITHDRAW AS COUNSEL
TO DEFENDANT
JOSEPHINE STIGLIANO**

PLEASE TAKE NOTICE that upon the affirmation of Robert C. Angelillo, dated March 6, 2012, the exhibits annexed thereto and the pleadings and proceedings heretofore had herein, Meyer, Suozzi, English & Klein, P.C., attorneys for defendant Josephine Stigliano ("Mrs. Stigliano") will move this Court, pursuant to Local Civil Rule 1.4, before the Honorable Joseph F. Bianco, United States District Judge, at the United States Courthouse for the Eastern District of New York, 100 Federal Plaza, Courtroom 920, Central Islip, New York 11722-9014, for an order (a) permitting movant to withdraw as counsel for defendant Mrs. Stigliano (b) staying this action pending a determination of this motion; (c) promptly relieving movant from any further obligations

or duties as counsel of record in this action; and (d) such other and further relief as the

Court deems just and proper.

Dated:  March 6, 2012

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: _____
Robert C. Angelillo
*Attorneys for Defendant Josephine Stigliano*
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
(516) 741-6565

TO:   Josephine Stigliano (By Regular Mail)
128 Wetherill Road
Garden City, New York 11530

KNAUF SHAW LLP (By ECF Filing)
1125 Crossroads Bldg.
2 State Street
Rochester, New York 14614

MCCABE, COLLINS, MCGEOUGH
& FOWLER, LLP (By ECF Filing)
P.O. Box 9000
346 Westbury Ave
Carle Place, New York  11514

SCHIFF HARDEN LLP (By ECF Filing)
233 South Wacker Drive
Suite 6600
Chicago, Illinois 60606

873363

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SAEID E. JALAYER, JINOUS ATAI, NEGIN
JALAYER, and SAAM JALAYER,

                                    Plaintiffs,

-against-

JOSEPHINE STIGLIANO as Executrix of the Estate
of Anthony G. Stigliano, LONG ISLAND LIGHTING
COMPANY D/B/A LIPA, and NORTH SHORE
CESSPOOL CLEANING COMPANY, INC.,

                                 Defendants.

Civil Action No.
10CV2285 (JFB)(AKT)

**DECLARATION OF
ROBERT C. ANGELILLO
IN SUPPORT OF
MOTION TO
WITHDRAW AS
<u>COUNSEL</u>**

ROBERT C. ANGELILLO, an attorney admitted to practice in the Courts of the State of New York and this Court affirms under penalties of perjury as follows:

1.    I am a member of the firm Meyer, Suozzi, English & Klein, P.C. ("movant"), attorneys for defendant Josephine Stigliano as executor of the estate of Anthony G. Stigliano ("Mrs. Stigliano"). As such, I am fully familiar with the facts and circumstances of this motion.

2.    I submit this affirmation, together with the foregoing Notice of Motion dated March 6, 2012, in support of movant's application, pursuant to Local Civil Rule 1.4, for judicial leave to withdraw as counsel for Mrs. Stigliano.

3.    This matter is currently in the midst of fact discovery, which has been stayed by consent of all parties and Order of the Court until July 2012, at the earliest.

4.     This application is necessary because Mrs. Stigliano has rendered it impossible for movant to carry out its professional responsibilities in this matter for the reasons discussed below.

5.     First, Mrs. Stigliano has unreasonably and deliberately disregarded her agreement with and obligation to movant to pay for professional legal services in this litigation.

6.     Second, there has been a breach of trust between Mrs. Stigliano and movant that has rendered it impossible for movant to represent her in this matter.

7.     The specifics of these reasons, which justify and require movant's withdrawal as counsel, are not set forth in detail herein because they touch upon possibly privileged and confidential communications involving Mrs. Stigliano's defense strategy and tactics.   Since the action is still pending, it is preferable that these details not be disclosed.

8.     Generally, however, movant has performed numerous services on Mrs. Stigliano's behalf, including answering the complaint, appearing at Court conferences, analyzing the documentation exchanged by all parties in discovery, drafting and serving document requests and interrogatories that movant served on plaintiff and the other defendants and responding to document requests and interrogatories served on Mrs. Stigliano and taking and defending numerous party depositions.

9.     However, notwithstanding movant's attempts as set forth below, Mrs. Stigliano has failed and refused to pay the outstanding legal fees owed movant for these services rendered.

10.     Annexed hereto as Exhibit ("Ex.") A is a true and correct copy of the latest invoice that movant sent to Mrs. Stigliano.  Due to the privileged and/or confidential nature of this document -- and the other emails referenced herein -- Ex. A and the other emails and documents referenced hereinbelow have not been served on the other parties or filed via ECF, but have been included in Mrs. Stigliano's service copy and the Court's courtesy copies of this motion.

11.     The invoice annexed as Ex. A shows the total amount due and owing and the length of time such amount has been outstanding.

12.     On November 21, 2011, movant's Director of Administration requested -- by email to Mrs. Stigliano's representative, with whom this firm had communicated on her behalf as a matter of course and conduct -- payment of certain outstanding expenses as well as the full amount outstanding to movant for legal services rendered.  A copy of this e-mail is annexed to the Court's courtesy copies and Mrs. Stigliano's service copies of this motion as Ex. B.

13.     In the email annexed as Ex. B, movant also advised that if the full amount due and owing was not paid by December 16, 2011, movant would have no alternative but to move to withdraw from the case.

14.     In response, by email dated November 22, 2011, Mrs. Stigliano's representative requested additional information concerning the outstanding legal fees.  A copy of the e-mail is annexed to the Court's courtesy copies and Mrs. Stigliano's service copies of this motion as Ex. C.

15.     That same day, movant sent Mrs. Stigliano's representative, by email, a complete breakdown of the charges along with all of the applicable invoices and the associated time records detailing the services rendered.  (Per the request, it also included a full payment history for this client pertaining to other matters, which are closed.)  A copy of this email is annexed to the Court's courtesy copies and Mrs. Stigliano's service copies as Ex. D.

16.     Although this email contained the requested information, Mrs. Stigliano's representative indicated in an email dated December 5, 2011 that movant had not furnished all of the necessary information.  *See* Ex. E.

17.     Movant responded that it had already furnished that information, *see* Ex. F, but nonetheless forwarded it again by email.  *See* Ex. G.

18.     Notwithstanding the foregoing, no payment has been received on the any of the referenced outstanding invoices.

19.     Non-payment of fees is satisfactory justification for withdrawal.  *See Melnick v. Press*, No. 06-CV-6686, 2009 WL 2824586 at *3 (E.D.N.Y. 2009) (Bianco, J.) ("…it is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *see also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4.")

20.     Accordingly, movant respectfully submits that this motion should be granted for that reason alone.

21.    A separate and independent reason why movant should be permitted to withdraw from this case is that there has been a breakdown of trust between the parties that has rendered it impossible for movant to continue to represent Mrs. Stigliano in this matter.

22.    During the course of the above-referenced communications, Mrs. Stigliano's representative sent two emails to the undersigned, copies of which are annexed to Mrs. Stigliano's service copy and the Court's courtesy copies hereof as Exs. H and I.

23.    While movant contests every point in these emails -- some of which have to do with other matters in which movant represented Mrs. Stigliano that are now closed -- movant provides them to the Court to demonstrate that the relationship between Mrs. Stigliano and this firm has been irreparably damaged, which has compromised this firm's ability to represent Mrs. Stigliano.

24.    This constitutes a separate and independent basis for withdrawal.  *See Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950, 2005 WL 1963945 at *2  (S.D.N.Y. 2005) (Evidence of a strained attorney-client relationship, regardless of the source is sufficient grounds for withdrawal.)

25.    Accordingly, movant respectfully requests that this motion be granted for this separate and independent reason.

**Protection of Mrs. Stigliano's Interests**

26.    As discussed briefly above, this matter is currently stayed until July 2012.

27.    Accordingly, upon withdrawal by this firm, Mrs. Stigliano will have ample opportunity to obtain new counsel to appear in this action in time to move forward with the remaining discovery in the case, if and when the case continues.

28.    Movant prefers not to divulge, publicly, the exact details of the facts supporting this motion, deeming the several reasons, as briefly stated above, sufficient.

29.    However, if there should be any opposition to this motion or if this Court, with or without such opposition, should require further exposition of the grounds for the motion, movant requests that it be permitted to expand on the stated grounds *in camera*, subject to appropriate protections to Mrs. Stigliano and thereby eliminate or, at least, minimize, any prejudice to her.

30.    In anticipation of being judicially relieved, and to further minimize any prejudice or inconvenience to Mrs. Stigliano, or to any new counsel she may engage, movant will prepare all of its files for prompt delivery to Mrs. Stigliano or to her new counsel. This is subject, of course, to Mrs. Stigliano's prior payment of this firm's agreed and reasonable charges and satisfaction of its retaining lien.

31.    Therefore, this firm has taken, is taking and will continue to take steps to the extent reasonably practicable to avoid foreseeable prejudice to Mrs. Stigliano's rights.

WHEREFORE, for the reasons set forth above, Meyer, Suozzi, English & Klein, P.C., respectfully requests that this application be granted and that the Court issue an order:

a.   permitting movant to withdraw as counsel for defendant Josephine Stigliano as executor of the estate of Anthony G. Stigliano;

b.   staying this action pending a determination of this motion;

c.   promptly relieving movant from any further obligations or duties as counsel of record in this action; and

d.   such other and further relief as the Court deems just and proper.

Dated:      March 6, 2012

_____
Robert C. Angelillo

864178

7

# Exhibit A

INTENTIONALLY LEFT BLANK

# Exhibit B

INTENTIONALLY LEFT BLANK

# Exhibit C

INTENTIONALLY LEFT BLANK

# Exhibit D

INTENTIONALLY LEFT BLANK

# Exhibit E

INTENTIONALLY LEFT BLANK

# Exhibit F

INTENTIONALLY LEFT BLANK

# Exhibit G

INTENTIONALLY LEFT BLANK

# EXHIBIT H

INTENTIONALLY LEFT BLANK

# EXHIBIT I

INTENTIONALLY LEFT BLANK