

September 27, 2013

Hon. Pamela K. Chen
United States District Judge                **VIA ELECTRONIC FILING**
United States Courthouse
225 Cadman Plaza East, Room N631
Brooklyn, New York 11201

      Re:    Saeid E. Jalayer, et al v. Josephine Stigliano, as Executrix, et al
           Civil Action No. 10-CV-2285

Dear Judge Chen:

      As attorneys for plaintiffs, we are writing to provide a status report on this matter, as required by your September 9, 2013 Text Order.

      In their Complaint, plaintiffs seek response costs under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") §107 (42 U.S.C. §9607), alleging that their properties at 34 Woodridge Lane in the Village of Sea Cliff ("Site") have been contaminated with hazardous substances, including arsenic contained in buried coal ash. Plaintiffs claim that defendants Long Island Lighting Company and North Shore Cesspool Cleaning Company, Inc. are responsible parties under CERCLA because they disposed of the hazardous substances at the Site. Plaintiffs also claim that defendant Josephine Stigliano, as Executrix of the Estate of her deceased husband, Anthony G. Stigliano, is responsible under CERCLA because the late Dr. Stigliano owned and operated the Site at the time of disposal. The defendants deny liability, have raised various defenses, and have filed Crossclaims and Counterclaims.

      Plaintiff Saied Jalayer has enrolled the Site in the New York State Brownfield Cleanup Program ("BCP"), which is administered by the New York State Department of Environmental Conservation ("NYSDEC"). After paper discovery and depositions of the parties, the case was put on hold so that a Remedial Investigation ("RI") could be undertaken, and the RI Report submitted and reviewed by NYSDEC. The RI included geophysical testing (which would detect underground tanks or other structures), and digging and sampling about 18 test pits and groundwater testing. A draft RI Report was submitted by Cornerstone Environmental Group, LLC (plaintiffs' environmental consultants) to NYSDEC on August 8. NYSDEC has not yet submitted comments on the report. Once a final RI is accepted by NYSDEC, the next step in the BCP process would be a Remedial Alternatives Analysis to evaluate the costs, benefits and feasibility of available remedial technologies.

      In addition, since our last status report (submitted to Judge Bianca on January 31), Mrs. Stigliano has retained Mr. Rigano to represent her, so the issue of her need for counsel has been resolved.

      At this point all parties agree that it would be best to keep the case on hold at least until we hear back comments from NYSDEC so that any issues with the RI can be resolved and the parties can have the benefit of their thoughts on a remedial strategy. If that does not result in a pathway to

resolution of this case, then plaintiffs would seek to resume prosecution, including non-party and then expert discovery.

      Thank you for your consideration.

                Respectfully submitted,

                **KNAUF SHAW LLP**

                ALAN J. KNAUF

pc:   J. Michael Showalter, Esq.
       Patrick Murphy, Esq.
       James Rigano, Esq.
       Mr. Saeid E. Jalayer