UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SAEID E. JALAYER, JINOUS ATAI,
NEGIN JALAYER and SAAM JALAYER,

                          Plaintiffs,

                                                         **ORDER**

        -against-                                           CV 10-2285 (LDH) (AKT)

JOSEPHINE STIGLIANO as Executrix of the
Estate of Anthony G. Stigliano, LONG ISLAND
LIGHTING COMPANY d/b/a LIPA and
NORTH SHORE CESSPOOL CLEANING
COMPANY,

                          Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

       Plaintiffs Saeid E. Jalayer, Jinous Atai, Negin Jalayer and Saam Jalayer (collectively, the "Plaintiffs") bring the instant action against Defendants Josephine Stigliano, as Executrix of the Estate of Anthony G. Stigliano ("Stigliano"), Long Island Lighting Company ("LILCO") and North Shore Cesspool Cleaning Company ("North Shore") (collectively, the "Defendants"). *See generally* Complaint ("Compl.") [DE 1]. The Complaint alleges that Defendants LILCO and North Shore contaminated Plaintiffs' property, located at 34 Woodrige Lane in the Village of Sea Cliff, through the "discharge(s), releases(s), spill(s) or disposal [ ] of coal ash [ ] and/or other waste materials [ ] containing Hazardous Substances. . . ." Compl. ¶¶ 1-2. In addition, Plaintiffs assert that these hazardous substances were disposed upon their property "during the ownership . . . . by Anthony G. Stigliano [ ], now deceased, with his knowledge and consent." *Id*. ¶ 3. Specifically, Plaintiffs allege a cause of action for violations under the Comprehensive

Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq*. *Id*. ¶¶ 38-44.

Presently before the Court is Defendant Stigliano's renewed letter motion [DE 122] seeking to compel the deposition of non-party Arthur Liebold.

## II. RELEVANT BACKGROUND

On January 8, 2016, in response to the Court's January 7, 2016 Order [DE 114 ] — which denied Defendant Stigliano's initial letter motion [DE 103] seeking to compel the deposition of Arthur Liebold[1] — Stigliano filed a subsequent letter seeking to "correct and clarify the [previously] filed letter brief [DE 103]." DE 116. At the outset, the Court points out that it denied Stigliano's initial motion to compel [DE 103] based upon a citation to the incorrect section of Rule 45, plus the fact that "Defendant Stigliano's counsel has not provided a copy of the Subpoena to the Court nor any proof from a process server that the Subpoena was dually [*sic*] served." Tr. at 8. Although Stigliano's counsel cited Rule 45(c)(2)(B) in support of the motion [DE 103], the Court pointed out that "Rule 45[(c)(2)(B)] has nothing to do with non-compliance with a Subpoena for testimony . . . This section address [*sic*] compliance . . . with a document Subpoena and a request for inspection, but it doesn't say anything about a non-party appearing for a deposition." Tr. at 8. As a result, the Court stated that although it "might be inclined to permit the deposition, since it was apparently noticed before the discovery deadline, the Court cannot act with the limited information provided by counsel." *Id*.

This additional current correspondence filed by Defendant Stigliano's counsel is nevertheless procedurally defective in that it was filed as a letter instead of a letter *motion* as

---

[1] Arthur Liebold was the building inspector for the Village of Sea Cliff at the time the Plaintiffs purchased the Property at issue in this action. *See* January 7, 2016 Transcript of the Status Conference before the Hon. A. Kathleen Tomlinson [DE 121] (Tr.) at 7.

required by this Court's Rules. Having been denied, the initial motion [DE 103] upon which this subsequent letter [DE 116] was based is no longer in play. As such, in order to properly place the motion to compel before the Court, Defendant Stigliano's counsel was required to submit a properly filed *motion* to the Court as opposed to a letter. Thereafter, on February 19, 2016, Defendant Stigliano filed a letter motion ostensibly "renew[ing] our request that the Motion to Compel the Deposition of Arthur Liebold be granted." DE 122. Inasmuch as DE 116 was improperly filed as a letter (instead of a letter motion), DE 122 represents the first proper re-filing of the motion and thus provides the first opportunity for the Court to address Defendant Stigliano's renewed motion to compel.

### III. DEFENDANT STIGLIANO'S MOTION TO COMPEL ARTHUR LIEBOLD'S DEPOSITION

#### A. *Legal Principles*

##### 1. **Federal Rule 26**

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted). Notably, although Rule 26 still permits a wide range of discovery based upon relevance and proportionality, the "provision authorizing the court . . . to order discovery of any matter relevant to the subject matter involved in the action" has been eliminated. Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley*, 2015 WL 9413101, at *2 (internal citation omitted). The rationale behind the elimination of this phrase is

the reality that it "has been used by some, incorrectly, to define the scope of discovery." Rule 26 Advisory Committee Notes to 2015 Amendments. Thus, Rule 26(b)(1), as amended, although not fundamentally different in scope from the previous version "constitute[s] a reemphasis on the importance of proportionality in discovery but not a substantive change in the law." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016); *see Robertson v. People Magazine*, No. 14 Civ. 6759, 2015 WL 9077111 at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exact-ingly.").

"Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011); *see Ford Motor Credit Co. v. Meehan*, No. CV 05-4807, 2008 WL 2746373, at *4 (E.D.N.Y. July 11, 2008); *During v. City Univ. of New York*, No. 05 Civ. 6992, 2006 WL 2192843, at *82 (S.D.N.Y. Aug. 1, 2006). Therefore, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); *see also Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001).

### 2. Federal Rule 45(b)

Service of a subpoena is governed by Rule 45(b)(1) of the Federal Rules of Civil Procedure which states, in pertinent part, that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by the law." Fed. R. Civ. P. 45(b)(1); *see JP Morgan Chase Bank, N.A. v. IDW Group, LLC*, 08 Civ. 9116, 2009 WL 1313259, at *2

(S.D.N.Y. May 11, 2009). In addition, where required, the party serving the subpoena must establish proof of such service in accordance with Rule 45(b)(4), which states that "[p]roving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." Fed. R. Civ. P. 45(b)(4); *see King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ("Proof of service is accomplished under the rule by filing with the clerk of the court . . . a statement of the date and *manner of service* . . . .") (emphasis in original) (internal quotations and citation omitted).

### 3. Federal Rule 45(g)

Federal Rule of Civil Procedure 45(g) provides as follows:

> **(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Fed. R. Civ. P. 45(g). The authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is Rule 45(g). "The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena." *Painewebber Inc. v. Acstar Ins. Co*., 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (citing *Diamond v. Simon*, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994)); *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991); *Hunter TBA, Inc. v. Triple Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008); *Beare v. Millington*, No. 07-CV-3391, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010) ("Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Indeed, the judicial power to hold a non-

party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena.") (internal citations omitted).  Therefore, a non-party who knowingly fails to comply with a duly issued and served subpoena for that individual's deposition and who provides no justification for his or her failure to appear may be found in contempt. *See Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 1:12-cv-2902, 2014 WL 4308355 (S.D.N.Y. Aug. 26, 2014); *Freund v. Weinstein*, No. 08 cv 1469, 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009).  Courts have issued orders to show cause requiring a non-party to physically appear and show cause why he or she should not be held in contempt and sanctioned for failure to appear at a deposition. *Martinez v. City of Avondale*, No. CV-12-1837, 2013 WL 5705291, at *4 (D. Ariz. Oct. 18, 2013); *see also* Fed. R. Civ. P. 45(g) 2013 Advisory Committee Notes ("Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command.  Disobedience of such an order may be treated as contempt.")

### B. *Preliminary Issues*

#### 1. **Stigliano's Reliance on Rule 37 is Misplaced**

The Court points out that Stigliano's letter [DE 116] (and by extension the properly renewed letter motion [DE 122]) seeking to compel Arthur Liebold's compliance with the subpoena is premised on Rule 37(a)(1).  *See* DE 116, 122.  However, "[t]he court has no authority to sanction [Arthur Liebold] under Rule 37, as that Rule does not apply to a motion to compel compliance with a subpoena pursuant to Fed. R. Civ. P. 45." *Davis v. Speechworks Int'l, Inc.*, No. 03-CV-533S(F), 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005); *see S.E.C. v. Kimmes*, No. M18-304, 1996 WL 734892, *7 (S.D.N.Y. Dec. 24, 1996) (recognizing that "the express language of Rule 37(a) itself does not include [a] motion to compel compliance [with a

6

subpoena] brought pursuant to Rule 45."); *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) ("Rule 37 by its terms applies only to a motion to compel production from a *party* . . . Therefore, Rule 37 sanctions are not authorized in this case [where a non-party witness failed to appear for a scheduled deposition]. The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena . . . is found in Rule 45[(g)]."); *Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012) ("Rule 37 does not contemplate a motion for an order to compel . . . production of witnesses demanded for depositions.") (ellipses in original); *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 115 (D. Conn. 2005) (motion to compel compliance with a subpoena is governed by Rule 45). As such, Stigliano's counsel was required to move to compel compliance pursuant to Rule 45(g) and any reliance on Rule 37 for the requested relief is therefore misplaced. However, the Court points out that this procedural defect does not change the underlying conduct from which Defendant seeks relief. In light of these circumstances and due to the passage of time since the renewed motion was filed, the Court will interpret Stigliano's motion as one brought pursuant to Rule 45(g) and will thus address the merits.

### C. *Application to the Facts*

#### 1. Service of the Subpoena Upon Liebold was Proper

According to the Affidavit of Service, on October 14, 2015 at 2:20 p.m., non-party Arthur Liebold was personally served with the subpoena by Michael Lubin from Guaranteed Subpoena Service, Inc. at 32 Beechwood Drive, Glen Head, New York. DE 116-1. The witness fee of $55.00 was tendered to Arthur Liebold simultaneously with the subpoena. *Id*. The subpoena set forth the information concerning the deposition of Liebold on October 19, 2015 at the office of Stigliano's counsel located at 1 Boland Drive, West Orange, New Jersey. *Id*. After

7

being personally served with the subpoena, Arthur Liebold contacted Stigliano's counsel regarding the date and location of the deposition. *Id*. (November 25, 2015 letter from Attorney David J. Mairo to Arthur Liebold). However, no further conversations ensued despite good faith attempts made by Stigliano's counsel. *Id*. Having been unsuccessful in contacting Arthur Liebold to schedule the date and location for the deposition, Stigliano's counsel served Arthur Liebold with notice and a copy of the motion to compel which was filed with the Court. *Id*. (December 23, 2015 Certification of Service of Motion to Compel).

In light of the supporting documentation — including the subpoena itself as well as the Certificate of Service — which evidences proof of service of the subpoena upon Arthur Liebold, the Court finds that service was made in accordance with the Rule 45 and was thus proper. *See* Fed. R. Civ. P. 45(b).

### 2. The Information Sought is Relevant and Material

Having determined that service of the subpoena was proper, the Court turns its attention to whether the "information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd*., 2003 WL 23018833, at *8. The Court initially points out that Defendant Stigliano has not included any discussion in the renewed motion [DE 122] regarding the overall relevance and materiality of the information sought to be obtained from the deposition of non-party Arthur Liebold. However, despite the procedural defect as noted above, the Court will address the substance of the motion. The Court further notes that the necessity of Mr. Liebold's testimony was discussed in some detail at the January 7, 2016 Motion Hearing / Status Conference. *See* DE 114.

Defendant Stigliano asserts that Arthur Liebold ("Liebold") served as the Village of Sea Cliff's building inspector at the time Plaintiffs purchased the property located at 34 Woodridge

Lane, Sea Cliff, New York (the "Property"). DE 103 at 1. Stigliano maintains that in light of his position, Liebold "may have had discussions with Jalayer regarding the condition of the Property and knowledge of other coal ash contamination throughout Sea Cliff, as well as documents relating to same." *Id*. Specifically, Stigliano states that Liebold's deposition is "critical to Stigliano's defense" based upon the fact that "it could establish that Jalayer knowingly purchased a contaminated property, thereby implicating an increased allocation of costs to Jalayer, or that other properties in the area have also been contaminated by LILCO's coal ash disposal, thereby building the case against LILCO and again shifting CERCLA equitable allocation to LILCO." *Id*. at 3. The Court also takes note that Mr. Liebold was identified during the deposition of Plaintiff Saeid Jalayer in regard to the digging of a basement on the subject property when Mr. Liebold stopped the construction and required sampling of the material found. *See* DE 108.

In light of the allegations made in Plaintiffs' Complaint and the evidentiary proffer made by Defendant Stigliano, the Court finds that the information sought to be elicited through Liebold is both relevant, material and proportional to the issues in this case. As such, in order to interpose a proper defense to Plaintiffs' claims and to ensure a level playing field at trial, Defendant Stigliano will be permitted the opportunity to depose Liebold concerning any conversations that Liebold may have had with Plaintiffs prior to or contemporaneous with their acquisition of the Property. Further, neither Plaintiffs nor Liebold have opposed the instant motion.

Based on the above discussion, Defendant Stigliano's motion is GRANTED to the extent it seeks enforcement of the subpoena. As a result, the Court will issue separately an Order to Show Cause directing Arthur Liebold to appear and show cause why he should not be held in contempt for failure to comply with the duly issued and served subpoena for his deposition.

**SO ORDERED.**

Dated: Central Islip, New York
September 29, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge