

September 21, 2018

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *Jalayer, et al. v. Stigliano, et al.*, **Civil Action No.: 10-cv-2285**

Dear Judge Hall:

We are attorneys for Plaintiffs in the above-referenced action, which concerns violations of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERLCA"), 42 U.S.C. § 9607. We write, pursuant to your Honor's Individual Rules to seek a pre-motion conference and leave to move to strike certain expert reports and sections of expert reports served in this matter.

By Magistrate Judge Tomlinson's scheduling orders (Docket Nos. 210 and 216A), Expert Reports for any party utilizing an expert in its case-in-chief were to be served on all parties by April 6, 2018, and rebuttal expert reports were to be served by June 11(later extended to June 18) 2018. On April 6, 2018, only two parties served expert reports for their cases-in-chief – Plaintiff and Defendant Stigliano. These reports were attached as Docket Nos. 231-1, 232-2, and 232-6 as exhibits to the Rule 56.1 Statement of Defendant North Shore.

Subsequently, on June 18, 2018, Plaintiffs, LILCO, North Shore, and the Village served additional expert reports. These reports were attached as Docket Nos. 231-4, 232-3, 232-4, 232-5, as exhibits to the Rule 56.1 Statement of Defendant North Shore. Plaintiffs' rebuttal expert report has not been previously filed, and is attached as Exhibit Q to Plaintiffs Opposition Rule 56.1 Statement. Plaintiffs' rebuttal report was limited solely to rebutting contentions made in the Rich Report, as was the Village's expert report (Dkt. No. 232-5). One of LILCO's reports, that of David Thal, was limited to rebuttal of the Plaintiffs' expert report of Dr. Jack Fox Ph.D. The remaining two reports were those of North Shore's expert, David Klein (231-4), and LILCO's expert Michael Berman (232-4). Much of Mr. Klein's report was offered in rebuttal to the reports-in-chief of Plaintiff and Defendant Stigliano, however the final section, titled "H. Responsibilities of a Land Purchaser," and the accompanying conclusion were not offered in rebuttal to any contrary statement in the reports-in-chief.

The Berman Report contained the following three opinions:

OPINION 1 – Despite the existence of readily available information regarding the presence of historical fill at the Property, Plaintiffs failed to conduct adequate



preacquisition due diligence necessary to satisfy the requirements of qualifying for the innocent landowner defense to CERCLA liability.

OPINION 2 – A capping remedy at the Property would be typical and appropriate to address risks to human health and the environment associated with the alleged coal ash fill. Removal and off-site disposal of the alleged coal ash fill material constitutes an improvement of the Property that is not necessary to achieve relevant remedial action objectives.

OPINION 3 – In the event that it is determined that coal ash is present at the Site, it is important to recognize that coal ash was commonly offered by industrial users of coal for reuse as fill material, and widely accepted as an appropriate fill material, during the timeframe when coal ash was allegedly placed at the Property

None of these opinions were offered in rebuttal to any points made in the reports-in-chief. Mr. Klein and Mr. Berman were asked this directly at their depositions, and admitted that these opinions were not rebuttal opinions. *See* Deposition Transcript of Michael Klein, Dkt. No. 231-5 at 71:15 to 72:13. *See also* Deposition Transcript of Michael Berman, Dkt. No. 231-2 at 35:20-38:20, 54:13-55:5, 61:15-62:8, 80:1-9.

Because the Berman Report in its entirety and the final section of the Klein report were not offered in rebuttal to any statement in the reports produced at the deadline for case-in-chief expert testimony, they were untimely, and Plaintiffs were deprived of an opportunity to introduce rebuttal expert testimony in response to their conclusions.

Part of the purpose of FRCP 26's requirement for timely disclosure of expert testimony is "to permit the opposing party to prepare rebuttal reports." *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3 (D.D.C. 2005). A very similar issue was posed in *Blake v. Securitas Sec. Services, Inc.*, 292 F.R.D. 15 (D.D.C. 2013). There, a party introduced an expert report which it termed a "rebuttal expert report," but because it attempted to "offer previously undisclosed opinions under the guise of rebuttal," it was an "untimely and improperly disclosed initial expert report in violation of Rule 26(a)(2)." The court therefore held that the party was subject to sanctions under Rule 37(c)(1), and that "[T]he overwhelming weight of authority is that preclusion is required and mandatory absent some unusual or extenuating circumstances—that is, a substantial justification." *Id* at 18-19.

Because LILCO and North Shore's untimely initial expert reports have deprived Plaintiffs of the opportunity to rebut them, they should be stricken. Specifically, Section H and Conclusion 12 of the Klein Report should be stricken, and the entirety of the Berman Report should be stricken.



Hon. LaShann DeArcy Hall
September 21, 2018
Page 3

Thank you for your time and consideration.

Respectfully submitted,

**KNAUF SHAW LLP**

ALAN J. KNAUF

ec: All counsel (via ECF)

3