# McCABE, COLLINS, McGEOUGH, FOWLER, LEVINE & NOGAN, LLP

*COUNSELLORS AT LAW*

STEPHEN M. McCABE
BRIAN J. McGEOUGH
JAMES J. COLLINS (Retired)
DAVID T. FOWLER
PATRICK M. MURPHY *◊
THOMAS J. NOGAN
MICHAEL S. LEVINE *
JOHN J. CONNELLY
BARRY L. MANUS ◊
MICHAEL L. SMAR
TAMARA M. HARBOLD ^
TERESA CAMPANO *

JESSE L. SIEGEL
ALLISON J. HENIG
CHRISTINE M. CUSUMANO*
JAMES M. HAYES
ROBERT J. PASSARELLI¤
JOHN E. McLOUGHLIN
MARK P. DONOHUE
GERI ANNE LYNN HAYES
BRIAN M. MARTIN

DIRECT MAIL TO:
**346 WESTBURY AVENUE
P.O. BOX 9000
CARLE PLACE, NEW YORK 11514-9000**
(516) 741-6266

FAX (516) 873-9496
(Not for service of papers)

WWW.MCMFLAW.COM
E-Mail: Mail@mcmflaw.com

CALENDAR • MOTIONS
(516) 941-0861

DEPOSITIONS
(516) 941-0860

COUNSEL TO THE FIRM:
ALFRED S. ROBBINS ╫(1996-2003)
MARK L. WEISENREDER

◊ Also Admitted to Florida Bar
* Also Admitted to New Jersey Bar
¤ Also Admitted to North Carolina
^ Also Admitted to Pennsylvania

╫ Retired Justice of the Supreme
Court State of New York

September 28, 2018

**VIA ELECTRONIC FILING**
Honorable LaShann DeArcy Hall
United States District Court - Courtroom 4H North
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   Saeid E. Jalayer, et al v. Josephine Stigliano, as Executrix, et al
>        Civil Action No. 10-CV-2285 (LDH) (AKT)
>        Our File No.: 08-D-478 PMM

Dear Judge Hall:

I write on behalf of North Shore Cesspool Cleaning Company, Inc. in regard to the above matter, which concerns recovery for alleged response costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq*, arising from alleged soil contamination at 34 Woodridge Lane, Sea Cliff, New York (the "Property"). We write in opposition to the plaintiff's application requesting a pre-motion conference to strike conclusion 12 of the report of Michael Klein, North Shore's expert.

At the outset, even if it is determined that plaintiff, Jalayer, completed all appropriate inquiry as a residential purchaser, neither plaintiff's expert Dermody or Stigliano's expert Rich, commented on the subsequent transfer of portions of the property to plaintiff's children. As such, conclusion 12 of the Klein report is offered in rebuttal and in furtherance of same.

Plaintiff Jalayer has the burden of setting forth his case in chief and his entitlement to status as an "innocent landowner" requires plaintiff to establish that they "carried out all appropriate inquires . . . into the previous ownership and uses of their property prior to purchase" *See* 42 USC §9601(35)(B). As such, defendant's expert is offered in rebuttal to same.

McCABE, COLLINS, McGEOUGH, FOWLER, LEVINE & NOGAN, LLP
COUNSELLORS AT LAW

Plaintiffs' expert witness, Peter Dermody, provided rebuttal expert testimony to support the allegation that Saeid Jalayer undertook "all appropriate inquiries." (*See* Rebuttal Expert Report of Peter Dermody (June 2018) ("Dermody Rebuttal Report"), DE 244-1, at 5-6; *see also* Expert Report of Charles A. Rich, DE 232-6).

Even if Conclusion 12 of the Klein Report was untimely, preclusion would be appropriate because Plaintiffs have suffered no prejudice. "Exclusion of expert testimony is a 'drastic remedy.'" *Rmed Int'l v. Sloan's Supermarkets*, Case Np. 94-Civ.-5587, 2002 WL 31780188, at *3 (SDNY Dec. 11, 2002) (quoting *McNerney v. Archer Daniels Midland*, 164 FRD 584, 587 (WDNY 1995)). "Precluding testimony of an expert, even when there has not been strict compliance with Rule 26, 'may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.'" *Id.* (quoting *In re Kreta Shipping*, 181 FRD 273, 277 (SDNY 1988)). "Thus, the exclusion of expert testimony 'should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the [FRCP].'" *Torres v. Dematteo Salvage*, 14-CV-774, 2016 WL 845326, at *3 (EDNY Mar. 2, 2016) (quoting *Giordano v. PGT Indus.*, 04-CV-9246, 2007 WL 4233002, at *4 n.2 (SDNY Nov. 30, 2007)).

> Courts in the Second Circuit consider four factors on a motion to preclude expert testimony: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

*Scientific Components v. Sirenza Microdevices*, 03-CV-1851, 2008 WL 4911440, at *4 (EDNY Nov. 13, 2008) (quoting *Sofitel v. Dragon Med. & Sci. Commc'ns*, 118 F3d 955, 961 (2d Cir. 1997)). Each of these factors weigh against preclusion of the Klein report.

Plaintiffs have suffered no prejudice, since they had ample opportunity to depose Mr. Klein and in fact offered their own rebuttal testimony addressing the same subjects as to opinions. Even if Plaintiffs were correct that the Klein report was untimely, any prejudice to Plaintiffs that might have arisen by late disclosure of the Klein Report was cured by Mr. Klein's deposition. *Cf. Rmed Int'l*, 2002 WL 31780188, at *4 ("any prejudice is easily cured by allowing plaintiff to depose [the rebuttal expert]") (citing *Grdinich v. Bradlees*, 187 FRD 77, 79 (SDNY 1999)). In *Mahoney v. Keyspan Corp.*, this Court refused to preclude expert testimony disclosed "more than one and a half years after plaintiff served his expert report and the . . . discovery deadline," since "there [was] minimal prejudice to plaintiff since there is sufficient time to allow plaintiff to depose [the expert] and submit a rebuttal report . . . " 2004-CV-554, 2007 WL 1651853 (EDNY June 6, 2007) at *1-*2. Furthermore, Plaintiffs in fact offered their own rebuttal expert testimony on the same subjects addressed by Mr. Klein's 12th Conclusion. Thus, it is not the case that Plaintiffs "were deprived of an opportunity to introduce rebuttal expert testimony in response to [Klein's] conclusions," as they now claim. (DE 247 at 2). Even if it were the case, the appropriate remedy would be to extend expert discovery to allow Mr. Dermody to rebut the Klein report (had Plaintiffs requested such an extension in a timely fashion). But here, there is no need for a continuance, since neither a trial nor summary judgment briefing has been scheduled. *Cf. Scientific Components*, 2008 WL 4911440 at

McCABE, COLLINS, McGEOUGH, FOWLER, LEVINE & NOGAN, LLP
COUNSELLORS AT LAW

*5 ("as plaintiff correctly points out, no continuance is needed since no trial has been scheduled.") (internal quotation marks omitted).

The out-of-circuit cases cited by Plaintiffs to support preclusion are contrary to Second Circuit precedent and distinguishable. Plaintiffs argue that "preclusion is required and mandatory absent some unusual or extenuating circumstance," citing *Blake v. Securitas Se. Servs.*, 292 FRD 15 (DDC 2013). However, "the Second Circuit has viewed the imposition of such sanctions as discretionary, and even where the failure to disclose is neither justified nor harmless, district courts generally do not order preclusion." *Exo-Pro v. Seirus Innovative Accessories*, 05-CV-3629, 2008 WL 4878513 (EDNY Feb. 19, 2008) (citing *Design Strategy v. Davis*, 469 F3d 284, 297-98 (2d Cir. 2006)). *Blake* also considered an expert report that had already been struck as an untimely initial report and was re-submitted as "merely an attempt . . . to offer previously undisclosed opinions under the guise of rebuttal," 292 FRD at 18, and it was never argued that the late disclosure was "substantially justified or . . . harmless." *Id* at 19. Here, the Klein Report was not untimely disclosed, and if it were, there was no prejudice to Plaintiffs.

Finally, in the event plaintiff is successful in striking Conclusion 12 of the Klein Report, plaintiff's expert Dermody, in his initial report, does not address Plaintiffs' status as an innocent landowner. It is not until his rebuttal to defendant Stigliano's expert (Charles Rich) that he addresses same. As such, plaintiff's use of said contention should be limited to Defendant, Stigliano only.

                Respectfully submitted,
                McCABE, COLLINS, McGEOUGH, FOWLER,
                LEVINE & NOGAN, LLP.

                By: *Patrick M. Murphy* (PMM 8814)
                Pmurphy@mcmflaw.com
                (516) 941-0853

cc: All counsel (by way of EDNY electronic filing)